### D. M. OSBORN & COMPANY v. FRED T. EVANS, Appellant.

1   Pleading—Affirmative Defense, What Is: NOVATION: RE-
LEASE.   The defense that there was a novation of a partnership debt
by which one partner became a mere surety for it from which surety
liability plaintiff released him, must be affirmatively pleaded.

2   Practice: DIRECTING VERDICT, WHEN PROPER.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, MAY 14, 1894.

ACTION to recover an amount alleged to be due on account of' farm machinery and supplies sold and delivered. After the evidence had been submitted on the trial, the court directed a verdict for the plaintiff, and judgment was rendered in its favor for the sum of two thousand, nine hundred and eighteen dollars and forty-four cents and costs. The defendant appeals. *Affirmed.*

*Swan, Lawrence & Swan* for appellant.

*Joy, Call & Joy* for appellee.

ROBINSON, J.—The petition as filed contained three counts, but, before the trial, the first and second were withdrawn, and the trial was had on the issues raised by the third count and the answer. The third count alleges that in September, 1883, the plaintiff entered into a written contract with John Farley & Company, a copartnership doing business in the Black Hills; that defendant was a member of that partnership; and that the contract was entered into by plaintiff on the faith of representations made by defendant in a letter, of which the following is a copy:

"FORT PIERRE, DAKOTA, September 8, 1883.

"*To Mahler & Thompson, St. Paul, or to any parties whom it may concern, who are in the manufacturing of farm machinery:*

"This is to certify that I have formed a copartnership with the bearer of this, John Farley, for the handling of farm machinery, wagons, and buggies, for the territory of the Black Hills, with headquarters at Deadwood, and, as he is on a trip east to select goods for

our next season's business, I will hold myself person-
ally responsible for the purchase of such goods as he
may require for his trade; provided, always, that a
duplicate bill is sent to me here of the purchase of the
goods and shipping bills.  Hoping that you will sell
such goods as we can make money on, and that the trade
may be beneficial to all the parties concerned, I am,
· respectfully yours,  .  Fred T. Evans."

The count further alleges that, under and by virtue
of the agreement, the plaintiff shipped and delivered to
John Farley & Company, between the eighth day of
September, 1883, and the first day of April, 1884,
goods to the amount of six thousand, one hundred and
eighty dollars, of which the sum of four thousand, two
hundred and five dollars, only, has been paid.  Judg-
ment for the balance due, with interest thereon at ten
per cent. per annum, is demanded.

The answer pleaded several defenses to the cause of
action set out in the petition, none of which are discussed
in the argument for appellant. The defense urged in that
argument is that the only evidence that defendant was
a member of the partnership is contained in his letter
which we have set out; that, if he was ever a member
of the firm, he ceased to be one as early as March,
1884; that the firm was reorganized, and the new firm
became responsible for the indebtedness to plaintiff;
that thereafter the defendant was a surety for the part-
nership for the debt; that plaintiff knew that fact, and
was bound to respect it, but that, with knowledge of
its obligation in that respect, it substituted a new con-
tract for the old one, changed the terms of payment,
and so conducted its affairs with the new firm as to
release the defendant from all liability on his
agreement.  A fatal objection to the defense
urged is that it is affirmative in its nature, and
is not pleaded. Another objection is that it is not sus-
tained by the evidence.  It does not appear when the

defendant retired from the firm; there is no evidence that plaintiff knew of any arrangement by which the new firm assumed and became liable to pay the debt of the old one to plaintiff; and our attention has not been called to any evidence that such an arrangement was, in fact, made. The plaintiff was careful at all times not to release the defendant from liability. He had agreed to be "personally responsible for the purchase of such goods" as his partner should require for his trade, on condition that a duplicate bill of the purchased goods, and shipping bills, should be sent him, and that was done. We are of the opinion that the evidence would not have authorized the jury to find that any one of the defenses pleaded or urged in this court was sustained. There is no controversy in regard to the sale and delivery of the goods to John Farley & Company, nor in regard to the amount of the purchase price unpaid. We therefore conclude that the district court properly directed a verdict for the plaintiff, and its judgment is AFFIRMED.